IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| WOODROW DAW, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No.: |
| V. | ) | |
| | ) | |
| G.A. WEST & CO., INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANT(S). | ) | |
| | ) | |

# COMPLAINT

## I. JURISDICTION

1. This is a suit authorized and instituted under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., (ADA).

2. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3. Plaintiff, Woodrow Daw, ("Plaintiff" or "Daw") is a resident of Eight Mile, Mobile County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case.

Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern Division.

4. Defendant GA West (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

5. Defendant employed at least fifteen (15) people during the current or preceding calendar year.

### III. FACTS

6. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if fully set out herein.

7. Plaintiff was previously employed by Defendant approximately four (4) or five (5) years ago.

8. Plaintiff's first round of employment with Defendant ended when Plaintiff left to pursue another opportunity.

9. On or about September 3, 2018, Plaintiff was hired by Defendant as an Equipment Operator and Foreman.

10. Prior to Plaintiff's start date, Plaintiff was required to undergo a drug screen, physical and provide a list of all medications that he had a prescription for.

11. Plaintiff's prescriptions included pain medication and Gabapentin to treat a former back injury and associated back pain as needed.

12. Plaintiff no longer took the pain medication or Gabapentin for his former back injury.

13. After reviewing Plaintiff's form and list of medications, Defendant's company physician placed Plaintiff on a 40-pound weight restriction.

14. Plaintiff was not on a weight restriction or any other work restriction from his physician who treated his back injury and associated pain.

15. Defendant stated that Plaintiff could not be an Equipment Operator.

16. Superintendent, Matt Stockley, then offered Plaintiff the Foreman position.

17. The company doctor told Defendant's owner, Gary West, that Plaintiff had a permanent disability.

18. On or about September 11, 2018, Defendant pulled Plaintiff's offer of employment because of a perceived disability.

19. Plaintiff contacted Stockley and reiterated that he was not disabled and no longer took pain medication or Gabapentin.

20. Plaintiff asked Stockley if there was anything else he could do to relay the message that he was not disabled to Defendant.

21. Plaintiff's drug test, given by Defendant, did not show any traces of pain medication or Gabapentin.

22. Plaintiff never requested an accommodation.

23. Plaintiff never said that he had a disability.

24. Defendant never put Plaintiff through a fitness for duty test to see if Plaintiff could lift more than forty (40) pounds.

25. Defendant never tested Plaintiff's ability to do any other essential function of the job.

26. Plaintiff is qualified for the position of Equipment Operator without an accommodation.

27. Plaintiff is qualified for the position of Foreman without an accommodation.

28. Plaintiff is ready, willing and able to work.

## IV. COUNT ONE – ADA – PERCEPTION - DISABILITY

29. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if fully set out herein.

30. Plaintiff is a person with an impairment that does not substantially restrict him as compared to the average person in the general population.

31. But for Defendant's perception of Plaintiff having a disability, Plaintiff would have retained his position as Equipment Operator.

32. But for Defendant's perception of Plaintiff having a disability, Plaintiff would have retained his position as Foreman.

33. In failing to retain Plaintiff, Defendant violated the ADA because of Defendant's perception of Plaintiff having a disability.

34. As a result of Defendant's violation of the ADA, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Americans with Disabilities Act;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

C. Award him back pay, together with employment benefits, front pay, liquidated damages; special damages; punitive damages; nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief as provided by applicable law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/s/ Kira Fonteneau

OF COUNSEL:

The Fonteneau Firm LLC
A Member of the Five Points Law Group LLC
2151 Highland Avenue, Suite 205
Birmingham, Alabama 35205
T: 205.564.9005 F: 205.564.9006

PLEASE SERVE DEFENDANT AS FOLLOWS

G.A. West & Co., Inc.
c/o Cogency Global Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | |
|---|---|
| WOODROW DAW, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: |
| V. ) | |
| ) | |
| G.A. WEST & CO., INC., ) | JURY TRIAL DEMANDED |
| ) | |
| DEFENDANT(S). ) | |
| ) | |

## SUMMONS

**TO: G.A. West & Co., Inc.**
 c/o Cogency Global Inc
 2 North Jackson Street, Suite 605
 Montgomery, AL 36104

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's Attorney:
Kira Fonteneau
The Fonteneau Firm LLC
2151 Highland Avenue S, Suite 205
Birmingham, Alabama 35205

an answer to the complaint which is herewith served upon you, within twenty-one (21) days after service of this summons upon you, exclusive of the date of service. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT**. You **MUST** also file your answer with the clerk of this Court.

Charles R. Diard, Jr.,CLERK

| | |
|---|---|
| Date | By:    Deputy Clerk |
| | (SEAL OF COURT) |
| | CLERK, U.S. DISTRICT COURT |
| | SOUTHERN DISTRICT OF ALABAMA |
| | 155 Saint Joseph St. |
| | Mobile, Alabama 36602 |

## **SEE REVERSE SIDE FOR RETURN**

# RETURN OF SERVICE

Service of the Summons and complaint was made by me[1]    Date: _____

Name of Server (Print) _____    Date: _____

**Check one below to indicate appropriate method of service:**

_____    Served personally upon the Defendant. Place where served:

_____    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

_____    Returned unexecuted:

_____    Other (specify):

# STATEMENT OF SERVICE FEES

| Travel | Services | Total |
|---|---|---|
|   |   |   |

**Declaration of Server**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.